# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES J. HOWARD,

                Plaintiff,      :      Case No. 3:16-cv-517

                                      District Judge Thomas M. Rose
  -  vs  -                            Magistrate Judge Michael R. Merz

MONTGOMERY COUNTY, OHIO,
 et al.

                Defendants.    :

## DECISION AND ORDER ON MOTION TO CLARIFY; REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Clarify the Record of Defendants Montgomery County and Sheriff Phil Plummer (ECF No. 27). These Defendants make the point that service of process has recently been returned by the United States Marshal as executed on "John Doe/Jane Doe (25)". That service was made pursuant to a Marshal 285 form which was provided by Plaintiff and received by the Marshal March 22, 2017 (ECF No. 26, PageID 96). Plaintiff had instructed that service be made at the Montgomery County Jail at 330 West First Street, but service was accepted by someone named "Shelly Diaz" who styled herself as Confidential Secretary on the fourth floor of the Montgomery County Administration Building at 2:30 p.m. on March 24, 2017. *Id.* Although the Form 285 says it was "closed and returned" March 24, 2107, it was not docketed by the Clerk's Office until May 19, 2017. *Id.*

1

As Montgomery County and Sheriff Plummer point out, Plaintiff filed an amended complaint in which he did not name as Defendants and John or Jane Does who are employees of the Sheriff or of Montgomery County and for whim the County Prosecutor would provide representation in this case. Plaintiff filed his Amended Complaint in this case on March 20, 2017 (ECF No. 8) and the Court then entered an Order for service of process on Montgomery County and Naphcare, but not any John or Jane Does (ECF No. 9, PageID 57). To clarify the record, there are no John or Jane Does presently named as Defendants and the Summonses purportedly served on them are QUASHED.

The docket does not show service of process on Naphcare. As the Court advised Plaintiff on February 16, 2017, Fed. R. Civ. P. 4(m) requires dismissal of any defendant not served by March 27, 2017. Since Naphcare has not been served, it is respectfully recommended that Plaintiff's claims against Naphcare be dismissed without prejudice for lack of service of process.

This case is also before the Court on Motion to Dismiss for failure to state a claim by Defendants Sheriff Plummer and Montgomery County (ECF No. 13). On the date that Motion was filed, Plaintiff was notified of his obligation to respond to the Motion not later than May 1, 2017 (ECF No. 14). On April 28, 2017, Mr. Howard filed what he captioned "Motion for Leave for Extension to Amend (ECF No. 24), but which is in fact a narrative of the facts of the alleged violations of his rights. At the end he states "Mr. Howard has the evedence [sic] to prove what Montgomery County Jail and Naphcare did was wrong and this civil action should not be dismissed." *Id.* at PageID 94.

As Montgomery County and Sheriff Plummer argue, they are not liable for the constitutional violations committed by their employees on a respondeat superior (i.e. just because they are employees) basis. Municipalities and other bodies of local government are "persons"

within the meaning of § 1983 and may therefore be sued directly if they are alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Powers v.Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978). *Monell's* "policy or custom" requirement applies in § 1983 cases irrespective of whether the relief sought is monetary or prospective. *Los Angeles County v. Humphries*, 562 U.S. 29 (2010). "To establish that a local government is liable under § 1983, a plaintiff must show that (1) the local government had an official policy, custom, or practice that (2) deprived the plaintiff of his federal rights." *Fields v. Henry Cty.*, 701 F.3d 180, 183 (6th Cir. 2012), *citing Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 777 (6th Cir. 2012). There must be a direct causal link between the policy and the alleged constitutional violation such that the governmental entity's deliberate conduct can be deemed the moving force behind the constitutional violation. *Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004), *citing Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001); *citing Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 404 (1997).

Mr. Howard does not allege any policy or custom of Montgomery County or Sheriff Plummer which caused his injuries. At most, he asserts acts of medical negligence by various Naphcare employees. Since Plaintiff and these Naphcare employees are all residents of Ohio, this Court would not have subject matter jurisdiction over those claims.

Therefore the Amended Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 and it should be DISMISSED WITHOUT PREJUDICE on that basis.

May 22, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).