IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES J. HOWARD, | : | Case No. 3:16-cv-517 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY, OHIO, et al., | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE HIS SECOND AMENDED COMPLAINT (DOC. 43) AND TERMINATING MOTION TO DISMISS (DOC. 13) AND REPORT AND RECOMMENDATION (DOC. 28) AS MOOT**

This case is before the Court on Plaintiff James J. Howard's Renewed Motion for Leave to File His Second Amended Complaint ("Motion for Leave") (Doc. 43) pursuant to Fed. R. Civ. P. 15(a)(2). Montgomery County and Montgomery County Sheriff Phil Plummer (together, the "Montgomery County Defendants") oppose the Motion for Leave. (Doc. 45.) They argue that they would be significantly prejudiced if Howard were permitted to file a Second Amended Complaint after the lawsuit has been pending over a year and the Magistrate Judge has already entered a Report and Recommendation that the Amended Complaint be dismissed. (*Id.* at 3.) The Montgomery County Defendants further argue that the proposed Second Amended Complaint fails to cure the factual deficiencies in the Amended Complaint, as a result granting leave to amend would be futile. (*Id.* at 6.) Howard has filed a Reply (Doc. 46) in response to the Montgomery County Defendants' Opposition. This matter is therefore ripe for review.

## I. BACKGROUND

Howard brought this action *pro se* and *in forma pauperis* on December 27, 2016. (Docs. 2, 3.) He alleges that he suffers from diabetes and diabetes-related neuropathy. (Doc. 43-1 at ¶ 9.) Howard further alleges that, while a pre-trial detainee in the Montgomery County Jail, he was not provided adequate access to medical care for an infection in one of the toes on his right foot. (*Id*. at 11.) Howard alleges that, as a result of the delay in treatment, his "condition deteriorated to the point that it was necessary to amputate all five toes on his right foot, as well as portion of the foot itself." (*Id*. at ¶ 17.)

Howard's case got off to a rough start. On February 16, 2017, Magistrate Judge Merz notified Howard that, under Fed. R. Civ. P. 4(m), he must serve process on the Defendants within ninety days of filing his Complaint or it would be dismissed. (Doc. 4.) On March 3, 2017, Howard filed a Motion for Appointment of Counsel on the grounds that he was "a lay person with very little knowledge of the law." (Doc. 5.) Magistrate Judge Michael Merz denied the Motion, without prejudice, because Howard failed to identify any authority that would support his request. (Doc. 6.) Howard thereafter filed an Amended Complaint and tendered summonses for the Montgomery County Jail and Naphcare, Inc., which were issued by the Clerk of Court. (Doc. 9.) On April 7, 2017, the Montgomery County Defendants moved to dismiss the Amended Complaint.

Howard next brought three meritless motions, which confirmed his assertion that he, in fact, is a lay person with very little knowledge of the law. (Docs. 16 (motion to strike the motion to dismiss for failure of service), 20 (motion to amend the complaint to add large groups of unidentified individuals), and 22 (motion for discovery).) All three were denied. (Docs. 17, 21, 23.) On May 22, 2017, the Montgomery County Defendants brought a Motion to Clarify who were the named Defendants in this case, due to discrepancies in Howard's pleadings. (Doc. 27.) On the same day, Magistrate

Judge Merz entered a Report and Recommendations on both the Motion to Clarify and Motion to Dismiss. (Doc. 28.) Magistrate Judge Merz recommended that, as no proof of service had been filed as to Naphcare, Inc., the claims against it should be dismissed. He further recommended that the Court grant the Montgomery County Defendants' Motion to Dismiss, without prejudice.

Howard filed Objections to the Report and Recommendations and a "Motion to File Notice of Objection to Deny Counsel on Civil Case." (Docs. 30, 31.) In the latter Motion, Howard asked the Court to reconsider his request for appointed counsel. (Doc. 31.) Howard stated that he feared the case "will be dismissed on a technocallity [sic] because Mr[.] Howard doesn't no [sic] the law and do [sic] to his medical problems . . . ." (*Id*.) Shortly thereafter, on June 7, 2017, Magistrate Judge Merz stayed the case so that a local, experienced litigation attorney could screen the case for purposes of recommending whether the Court should request an attorney to represent Howard. (Doc. 33.)

This case remained stayed from June 7, 2017 until January 4, 2018, when Howard's present counsel entered an appearance and Magistrate Judge Merz lifted the stay.

II. <u>ANALYSIS</u>

Federal Rule of Civil Procedure 15 governs the filing of amended complaints. It provides, in pertinent part, that "[t]he court should freely give leave [to amend] where justice so requires." Fed. R. Civ. P. 15(a)(2). When considering a motion for leave to amend, the Sixth Circuit has advised courts to consider "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments." *American Elect. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Here, the Montgomery County Defendants have had to expend time and resources defending Howard's claims. They obtained a favorable recommendation from the Magistrate Judge that Howard's claims against them be dismissed. The Magistrate Judge recommended dismissal without prejudice, however, meaning that he did not recommend that the Court foreclose the possibility of a subsequent pleading. The Magistrate Judge also noted the simplicity of Howard's response to the Motion to Dismiss—that he "has the evedence [sic] to prove what Montgomery County Jail and Naphcare did was wrong and this civil action should not be dismissed." (Doc. 24 at PAGEID # 94.) On the merits, the Magistrate Judge found that Howard failed to plead that the Montgomery County Defendants had an official policy, custom, or practice that deprived him of his federal rights. (Doc. 28 at 3.) The "policy or custom" requirement under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) is certainly beyond the knowledge of most *pro se* plaintiffs.

Much of the delay in this case was caused by its assignment to an attorney to determine whether to request representation for Howard. Howard is not to blame for that delay. In the end, any prejudice to Defendants is outweighed by the interests of justice. Howard has suffered a serious injury and alleges that Defendants caused it. He made many missteps in his attempt to bring this case *pro se*. Now, an attorney has stepped in to help him plead his claims. It is in the interest of justice that he be given a chance to try his claims on their merits.

While the Montgomery County Defendants argue that the Second Amended Complaint fails on futility grounds, the Court does not consider that argument here. The parties' briefing on the merits of the Second Amended Complaint is incomplete, although the Court has a sense of the issues that the Montgomery County Defendants may raise in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). They are free to do so after the filing of the Second Amended Complaint, as permitted by the Federal Rules of Civil Procedure.

### III. CONCLUSION

The Court **GRANTS** the Motion for Leave (Doc. 43) and **TERMINATES** the pending Motion to Dismiss (Doc. 13) and Report and Recommendation (Doc. 28) on the Motion to Dismiss as moot. Howard shall file the Second Amended Complaint within 7 days of this Order.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, February 15, 2018.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE