UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES J. HOWARD,

    Plaintiff,

vs.

MONTGOMERY COUNTY JAIL, *et al.*,

    Defendants.

Case No. 3:16-cv-517

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DOCS. 50, 52) BE GRANTED; (2) PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. 49) BE DISMISSED; AND (3) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This is a 42 U.S.C. § 1983 civil rights action brought by Plaintiff James Howard[2] against Montgomery County, Ohio; Montgomery County Sheriff Phil Plummer; Naphcare, Inc.; and Naphcare nurses Theresa Wallace and Valerie Beirse. This action concerns, *inter alia*, Defendants' alleged deliberate indifference to Plaintiff's serious medical condition, *i.e.*, diabetes, while Plaintiff was a pretrial detainee in the Montgomery County Jail between March and September 2015. According to Plaintiff, such deliberate indifference ultimately resulted in the loss of the toes on his right foot.

Now before the Court are the following two motions to dismiss Plaintiff's second amended complaint: (1) a motion filed by Montgomery County and Sheriff Plummer (collectively referred to as the "County Defendants") (doc. 50); and (2) a motion filed by Naphcare, Wallace, and Beirse (hereinafter collectively referred to as "the Naphcare Defendants") (doc. 52). Plaintiff, through his

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Plaintiff initially filed this case *pro se*. *See* docs. 1, 3. However, counsel has since entered an appearance on his behalf. *See* docs. 36, 37, 39.

attorneys, filed memoranda in opposition to Defendants' motions. Docs. 51, 60. Thereafter, Defendants filed separate reply memoranda. Docs. 53, 61. The undersigned has carefully considered all of the foregoing, as well as the allegations set forth in Plaintiff's second amended complaint, and Defendants' motions are now ripe for decision.

## I.

The facts herein include the allegations pled by Plaintiff viewed in the light most favorable to him. *See infra*. Plaintiff James Howard suffers from diabetes. Doc. 49 at PageID 202. As a result of his diabetes, Plaintiff also suffers from neuropathy and related nerve damage. *Id*.

During the period from March 28, 2015 to September 21, 2015, Plaintiff was a pretrial detainee in the Montgomery County Jail, pursuant to charges filed in the Montgomery County Common Pleas Court. *Id*. at PageID 203. While detained in early May 2015, Plaintiff developed an infection in one of the toes on his right foot. Plaintiff alleges that he informed "Defendants" of his infection, but received inadequate and/or untimely medical care. *Id*.

Eventually, Plaintiff's condition deteriorated to the point that Defendants took him to the emergency department at Grandview Hospital in Dayton, Ohio for treatment on May 11, 2015. *Id*. at PageID 203. By the time Defendants brought Plaintiff to the hospital, the infection had spread to the fourth and fifth toes on his right foot, and the fourth toe had become necrotic. *Id*.

Plaintiff alleges that, according to the emergency room doctor who then examined him, two of his infected toes on his right foot would have to be removed, but that the other three toes could be saved. *Id*. The doctor scheduled Plaintiff to return to the hospital the next day, May 12, 2015, but one of the deputies or corrections officers remarked that Plaintiff would not be permitted to return to the hospital the next day due to security concerns. *Id*. Instead, Plaintiff was returned to the hospital three days later on May 14, 2015, at which time he was evaluated for surgery. *Id*. Plaintiff was discharged on May 16, 2015, and the medical staff at the Jail were given instructions

to follow up with the hospital on May 20, 2015 to discuss what further care Plaintiff would need, including the likely amputation of one or more toes. *Id*. at PageID 203-04. Despite the continued degradation of his medical condition, Plaintiff was not returned to Grandview Hospital until June 24, 2015, over a month later. *Id*. at PageID 204.

As a result of the delay in treatment, Plaintiff's condition deteriorated to the point that it was necessary to amputate all five toes on his right foot, as well as portion of the foot itself. *Id*. Plaintiff now suffers from phantom limb pain from the missing toes, which are a direct result of Defendants' failure to provide him with medical care for his serious medical need. *Id*.

On December 27, 2016, Plaintiff commenced this suit *pro se* by seeking leave to proceed *in forma pauperis* ("IFP"). Doc. 1. Plaintiff motion for leave to proceed IFP was granted the same day. *Id*. In his original complaint, Plaintiff named the following as Defendants: Montgomery County; Naphcare; a "Ms. Theresa"; a "Ms. Vallery"; Jane Doe #1; and John/Jane Doe x25. Doc. 3 at PageID 39. Plaintiff never served the original complaint on any of the Defendants named therein.

On March 15, 2017, Plaintiff filed an amended *pro se* complaint prior to the completion of service of process on any Defendant and prior to the time any responsive pleading was filed in the case. Doc. 8. The Federal Rules permit Plaintiff to amend his complaint as a matter of course without leave having been previously granted by the Court. Fed. R. Civ. P. 15(a)(1). Thus, as of the filing of the amended complaint, it superseded the original. *See Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (stating that "an amended complaint super[s]edes all prior complaints). In that properly filed amended *pro se* complaint, Plaintiff named three Defendants: Montgomery County Sheriff Phil Plummer; Montgomery County; and Naphcare. Doc. 8 at PageID 53. Accordingly, as of March 15, 2017, Theresa, Vallery, and all Jane and John

Doe defendants were no longer defendants in this action. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *see also* doc. 28 at PageID 104.

In a Report and Recommendation issued on May 22, 2017, Judge Merz -- to whom this case was then assigned -- clarified that the case was before the Court on Plaintiff's *pro se* amended complaint and that the Sheriff, Montgomery County, and Naphcare were the only named Defendants in this case. Doc. 28 at PageID 104. In addition, Judge Merz recommended that the *pro se* amended complaint be dismissed as against Naphcare pursuant to Fed. R. Civ. P. 4(m) for lack of service of process and that the amended complaint as against the Sheriff and the County be dismissed for failure to state a claim upon which relief can be granted. Doc. 28 at PageID 104-06.

Subsequently, Judge Merz stayed the case in an effort to find counsel to represent Plaintiff. Doc. 33. Thereafter, at the beginning of January 2018, counsel entered an appearance on behalf of Plaintiff. Docs. 36, 37, 39. Plaintiff, through new counsel, objected to the Report and Recommendation issued by Judge Merz (doc. 40) and, on January 31, 2018, moved for leave to file a second amended complaint (doc. 43). After briefing by the parties, Judge Rose granted Plaintiff's motion for leave to file a second amended complaint on February 15, 2018. Doc. 47. Upon granting Plaintiff leave to file a second amended complaint, the Court found the Report and Recommendation -- regarding dismissal of Plaintiff's amended complaint -- to be moot. *Id.*; *see Drake v. City of Detroit, Mich.,* 266 F. App'x 444, 448 (6th Cir. 2008) (noting that, upon the filing of an amended complaint, all previous complaints in the case are "a nullity, because an amended complaint supercedes all prior complaints").

On February 20, 2018, Plaintiff, through counsel, filed his second amended complaint (doc. 49, thus mooting and replacing the allegations in the amended complaint. *See Drake*, 266 F. App'x at 448. In the second amended complaint, Plaintiff names the following Defendants: the Montgomery County Board of Commissioners; Montgomery County Sheriff Phil Plummer in his

4

official capacity; Naphcare; Naphcare nurse Theresa Wallace in her individual capacity; and Naphcare nurse Valerie Beirise in her individual capacity. Doc. 49 at PageID 200-01. Plaintiff therein asserts claims under 42 U.S.C. § 1983 alleging that: (1) Defendants were deliberately indifferent to his serious medical needs; and (2) the County Defendants are liable pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) as a result of alleged unconstitutional policies and their failure to train, supervise or discipline. Doc. 49 at PageID 204-08. It is this second amended complaint that Defendants now seek to dismiss. Docs. 50, 52.

## II.

The Court will first address arguments set forth in the Naphcare Defendants' motion to dismiss. Doc. 52. The Naphcare Defendants argue that: (1) claims against Theresa Wallace and Valerie Beirse must be dismissed because they are barred by the applicable statute of limitations; (2) the claims against all Naphcare Defendants must be dismissed under Fed. R. Civ. P 4(m) for lack of service of process and because Plaintiff fails to adequately state a claim upon which relief can be granted. *Id*. at PageID 243-55. Specifically, the Court first addresses the statute of limitations and service of process arguments.

### A. Statute of Limitations -- Claims Against Wallace and Beirse

With regard to claims against Defendants Wallace and Beirse, the Court finds merit to the contention that the claims against them are time-barred. The applicable statute of limitations for § 1983 claims is the state statute governing actions for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985). The statute of limitations for general personal injury actions in Ohio is two years. Ohio Rev. Code § 2305.10. Therefore, § 1983 claims must be brought within two years after the claim accrues. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Given that Plaintiff was detained in the Jail until September 21, 2015, for purposes of deciding the pending motions to dismiss, the Court will liberally construe that date as the date upon which Plaintiff's

alleged causes of action under § 1983 accrued. *See* doc. 49 at PageID 203. Accordingly, for purposes of deciding the pending motions to dismiss, the Court finds that the statute of limitations on Plaintiff's § 1983 claims expired, at the latest, on September 21, 2017.

Plaintiff, as noted, filed this action on December 27, 2016 and apparently sought to name Wallace and Beirse in that original complaint, but identified them by first name only, *i.e.*, "Ms. Theresa" and "Ms. Vallery." *See* doc. 3 at PageID 39. However, on March 15, 2017, *i.e.*, prior to expiration of the statute of limitations, Plaintiff voluntarily dismissed "Ms. Theresa" and "Ms. Vallery" as parties by not including them as named Defendants in his first amended complaint filed on March 15, 2017. Doc. 8 at PageID 52. Plaintiff did not seek to file his second amended complaint, to add and properly identify Wallace and Beirse as Defendants, until January 16, 2018, *i.e.*, almost four months after expiration of the limitations period. *See* doc. 41.

Plaintiff alleges that the claims asserted against Wallace and Beirse in the second amended complaint relate back to the original complaint filed on December 27, 2016 pursuant to Fed. R. Civ. P. 15(c)(1)(C). *See* doc. 60 at PageID 319. The relation-back provision applies to amendments that either change the party or the naming of a party when the plaintiff has made "a mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c)(1)(C). Such provision does not, however, permit the addition of new parties. *See Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973); *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991); *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). Even assuming, *arguendo*, that Rule 15(c)(1)(C) applied to added parties, Plaintiff makes no argument regarding any mistake concerning a party's identity -- a requirement for relation back under Fed. R. Civ. P. 15(c)(1)(C)(ii).

Accordingly, Plaintiff's claims against Wallace and Beirse are time-barred and subject to dismissal. As a result, the undersigned **RECOMMENDS** that the Naphcare Defendants' motion to dismiss be **GRANTED** in this regard.

### B. Service of Process

The NaphCare Defendants also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for failure to serve them within the time period required by Fed. R. Civ. P. 4(m). "Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over Defendants. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein).

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999). A plaintiff is entitled to an "appropriate" extension of the service period upon showing good cause for the failure to effect timely service. Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). Even in the absence of good cause, the Court maintains discretion to grant an extension of time to effectuate service of process. *See* Fed. R. Civ. P. 4(m); *Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999); *Freeman v. Collins*, No. 2:08-CV-71, 2011 WL 4914837, at *4 (S.D. Ohio Oct. 17, 2011).

As noted previously, Plaintiff filed this action *pro se* on December 27, 2016 (docs. 1, 3) and, therefore, pursuant to Fed. R. Civ. 4(m), Plaintiff was required to serve Defendants on or before March 27, 2017. As concluded by Judge Merz in his Report and Recommendation dated May 22, 2017, Naphcare was not served with process by March 27, 2017 and, as a result, Plaintiff's claims against it are subject to dismissal without prejudice. *See* doc. 28 at PageID 104. Over one year later, the docket still reflects no service on Naphcare. However, on May 23, 2018, Judge Rose granted Plaintiff a 30-day extension of time to perfect service on the NaphCare Defendants. *See* Notation Order dated May 23, 2018.

Finding that Plaintiff's claims against Naphcare should be dismissed with prejudice as set forth *infra*, the undersigned need not determine whether a dismissal without prejudice is appropriate under Rule 4(m). Accordingly, the undersigned does not reach the merits of Naphcare's arguments in this regard and, instead, for purposes of addressing its motion to dismiss, the Court assumes, *arguendo*, that service of process on Naphcare is completed as required under the Federal Rules of Civil Procedure.

## III.

Next, the Court addresses the arguments advanced by the County Defendants and Naphcare arguing that dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) because of Plaintiff's failure to state a claim. A motion to dismiss filed pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Further, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

### A. Individual Capacity Claims

In this case, the only Defendants named in Plaintiff's second amended complaint in their individual capacities are Defendants Wallace and Beirse -- claims the Court finds time-barred as set forth *supra*. *See* doc. 49 at PageID 201. Plaintiff brings no claim against any individual County employee and, instead, asserts only official capacity claims against the County Commissioners

and Sheriff Plummer, *i.e.*, against Montgomery County itself. *Range v. Douglas*, 878 F. Supp. 2d 869, 875 (S.D. Ohio 2012); *Crabbs v. Scott*, 786 F.3d 426, 430 (6th Cir. 2015); *see also Petty v. Cty. of Franklin, Oh.*, 478 F.3d 341, 349 (6th Cir. 2007).

"The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs, but where that claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). As noted above, Plaintiff was a pretrial detainee at the time of the alleged constitutional violations and, therefore, the Fourteenth Amendment, not the Eighth Amendment, governs his deliberate indifference claims.

In alleging constitutional claims against individual defendants under § 1983, the Court notes that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677; *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012). Thus, "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). As a result, "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery" against individual actors for alleged constitutional violations. *Gilmore v. Corrections Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978)); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002).

Here, in his second amended complaint, Plaintiff alleges only that Defendants Wallace and Beirse worked at the Jail as employees of Naphcare. *See* doc. 49 at PageID 202. Plaintiff sets

forth no other allegations regarding any specific conduct engaged in by either of them. Thus, even assuming, *arguendo*, that claims against Wallace and Beirse are not barred by the applicable statute of limitations, *see supra*, the second amended complaint should be dismissed as against them for failure to state a claim. *Marcilis*, 693 F.3d at 605 (stating that simply "'lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct'" fails "'to satisfy [the] minimum standard' that 'a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests'"). Accordingly, the undersigned, alternatively **RECOMMENDS** that the Naphcare Defendants' motion to dismiss claims against Wallace and Beirse also be **GRANTED** on this basis as well.

    **B.**    **Official Capacity Claims**

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. Local governments, such counties, are considered persons under § 1983, and "may be sued for constitutional deprivations." *Monell*, 436 U.S. at 690-91. However, such entities cannot be held liable for the acts of its officials on a *respondeat superior* theory. *Id.* at 693. Instead, an official policy or custom must be the "moving force" behind the alleged constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). The same is true for a plaintiff asserting § 1983 claims against Naphcare -- a private corporation that, nevertheless, is acting under the color of state law while providing medical care to inmates at the Jail pursuant to a contract with the

County.³ *See Buchanan v. Hamilton Cnty. Sheriff's Dep't*, No. 1:10-CV-503, 2012 WL 6761507, at *6 (S.D. Ohio Nov. 26, 2012).

To demonstrate *Monell* liability, one must: (1) identify the policy or custom; (2) connect the policy to the governmental entity; and (3) show a particular injury of a constitutional magnitude incurred because of that policy's execution. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (internal citations omitted). A governmental entity's "failure to [adequately] train and supervise" employees "about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983[.]'" *Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 737 (6th Cir. 2015) (citations omitted); *see also Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006) (stating that "courts recognize a systematic failure to train police officers adequately as custom or policy which can lead to city liability" under § 1983).

In his second amended complaint, Plaintiff alleges that his constitutional injury was caused by "the delay in follow-up treatment regarding [his] infection[.]" Doc. 49 at PageID 207. To that end, Plaintiff suggests in his second amended complaint that the Jail maintains a policy of not informing "inmates of when they will be transported for medical treatment." Doc. 49 at PageID 207. However, it is not clear nor suggested in the second amended complaint how the Jail's alleged policy resulted in the delay of treatment. Plaintiff's allegation in this regard is thus wholly conclusory. Plaintiff must "allege a causal connection between a municipal policy and any constitutional deprivation." *King v. Montgomery Cty. Sheriff's Dep't*, 10 F. App'x 292, 294 (6th Cir. 2001). Plaintiff fails to do so here and, therefore, the undersigned finds dismissal warranted.

---

³ Medical providers employed by a state "to provide medical services to . . . inmates" act "under color of state law for purposes of § 1983 when" treating injuries of inmates. *West v. Atkins*, 487 U.S. 42, 54 (1988); *see also Johnson v. Karnes*, 398 F.3d 868, 876 (6th Cir. 2005); *Carl v. Muskegon Cnty.*, 763 F.3d 592, 596 (6th Cir. 2014).

Plaintiff also alleges that both the County and Naphcare failed to adequately train and supervise its employees. To prevail on a § 1983 failure to train or supervise claims against a government entity, Plaintiff must show that the training and supervision provided to him: (1) "is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the [County's] deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the [his] injury." *Brown v. Chapman*, 814 F.3d 447, 463 (6th Cir. 2016); *see also Shadrick*, 805 F.3d at 737 (stating that a plaintiff's "burden under § 1983 is to prove that [the entity's] failure to train and supervise its [employees] . . . amounted 'to deliberate indifference to the rights of persons with whom the [employees] come into contact"); *Glowka v. Bemis*, No. 3:12-CV-345, 2015 WL 8647702, at *5 (S.D. Ohio Dec. 14, 2015).

Again, Plaintiff's allegations in this regard are also conclusory. Therefore, the undersigned finds dismissal appropriate in this regard as well.

## IV.

For the foregoing reasons, the undersigned **RECOMMENDS** that: (1) Defendants' motions to dismiss Plaintiff's second amended complaint (docs. 50, 52) be **GRANTED**; (2) Plaintiff's second amended complaint (doc. 49) be **DISMISSED**; and (3) this case be terminated on the Court's docket.

Date:   June 18, 2018                             s/ Michael J. Newman
                                                               Michael J. Newman
                                                               United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).